U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Mar 29 - 2024
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY ZIELINSKI, TRAVIS HUDSON, BRUCE MOSES, OSCAR NUNEZ, JEAN MARC DESMARAT, and DAVID HAIGH, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION (DOCCS); DOCCS ACTING COMMISSIONER DANIEL F. MARTUSCELLO III, *in his official capacity*; DOCCS SUPERINTENDENT DAVID HOWARD, *in his official capacity*; and DEPUTY SUPERINTENDENT FOR PROGRAM SERVICES DANIELLE GLEBOCKI, *in her official capacity*, <br><br> Defendants. | No. 9:24-cv-450 (GTS/CFH) <br><br> **COMPLAINT** |

Plaintiffs Jeremy Zielinski, Travis Hudson, Bruce Moses, Oscar Nunez, Jean Marc Desmarat, and David Haigh, individually and on behalf of a class of similarly situated persons, through the undersigned counsel, file this Complaint against Defendants and allege as follows, upon information and belief:

**PRELIMINARY STATEMENT**

1. In the middle of the afternoon of Monday, April 8, 2024, the Moon will pass between the Sun and the Earth, completely blocking the face of the Sun and causing darkness where there would normally be light. Those in the path of totality—including in some parts of New York State—will witness a total solar eclipse. The rest of viewers in New York State will witness a lesser period of darkness amounting to a partial solar eclipse.

2. A solar eclipse is a rare, natural phenomenon with great religious significance to many. For example, NPR has reported that, "[t]hroughout human history, solar eclipses have been seen as having great religious significance, often as omens or signs of divine warning or punishment," and that "major and minor religions alike have their own understandings." Ex. A (NPR). To this day, solar eclipses, like the one on April 8th, are recognized by various religions as special events that warrant gathering, celebration, worship, and prayer. Ex. B (USA Today).

3. The last total solar eclipse visible from the United States was on Monday, August 21, 2017. During the 2017 solar eclipse, various religious groups gathered to observe the solar eclipse and practice their religions together. Ex. A (NPR) (discussing an eclipse-viewing event at a synagogue and the National Convention of American Atheists eclipse-viewing event in Charleston, SC).

4. The April 8, 2024 solar eclipse is similarly expected to be a time for Christians, Santerians, Muslims, and Atheists—to name a few examples—to gather as the world goes dark for a few minutes in the middle of the day. The next total solar eclipse visible from the contiguous United States will not occur for another twenty years, in 2044.

5. The six named Plaintiffs come from varying backgrounds and hold different religious beliefs, but all share the following in common: first, they are incarcerated at Woodbourne Correctional Facility in Sullivan County, New York; second, they have each expressed a sincerely held religious belief that April's solar eclipse is a religious event that they must witness and reflect on to observe their faiths; and third, they will all be denied their statutory and constitutional rights to practice their religions if this Court does not act quickly to enjoin the New York Department of Corrections and Community Supervision ("DOCCS") from enforcing a statewide lockdown that illegally prohibits Plaintiffs from observing the solar eclipse on Monday, April 8, 2024.

**PARTIES**

6. Plaintiffs Jeremy Zielinski, Travis Hudson, Bruce Moses, Oscar Nunez, Jean Marc Desmarat, and David Haigh are inmates of DOCCS, who at all relevant times have been housed at the Woodbourne Correctional Facility ("Woodbourne"). Plaintiffs bring this action on behalf of themselves and all others similarly situated.

7. DOCCS is a state agency charged with the care of incarcerated individuals in New York State. DOCCS headquarters is located at The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050, located within the Northern District of New York.

8. Daniel F. Martuscello III is the Acting Commissioner of DOCCS and is sued in his official capacity. Mr. Martuscello III's office is located at The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050, located within the Northern District of New York.

9. David Howard is the Superintendent of Woodbourne and is sued in his official capacity.

10. Danielle Glebocki is the Deputy Superintendent for Program Services of Woodbourne and is sued in her official capacity.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action because it involves federal claims. 28 U.S.C. § 1331.

12. Venue is proper in this district because DOCCS and Acting Commissioner Martuscello III are resident in the Northern District of New York.

13. Venue is proper in this district because, as described below, a substantial part of the events or omissions giving rise to this action occurred and continue to occur within this district. 28 U.S.C. § 1391(b)(2).

**BACKGROUND**

*Religious Significance of the Solar Eclipse for Christian Plaintiffs*

14. The solar eclipse is recognized as an event of great religious significance for Christians, including for Baptists like Plaintiff Travis Hudson and Seventh Day Adventists like Plaintiff David Haigh. For example, USA Today recently reported that Christian congregations will be gathering to observe the eclipse together and celebrate "the handiwork of God that exists in the universe" and "be reminded that we live in world made by God and sustained by his love and goodness." Ex. B (USA Today). And, "[a]s the faithful convene in scattered Christian, Jewish and Muslim communities around the country, the gatherings reflect how celestial events once seen as ominous by some religious communities continue to wield spiritual significance today." *Id.*

15. The importance of the solar eclipse to Christianity stems from portions of the Bible that allude to what many have attributed to a solar eclipse during the crucifixion of Jesus Christ. *Id.* (citing Mark 15:33 ("And when the sixth hour had come, there was darkness over the whole land until the ninth hour.")); *see also* Luke 23:44–46 ("It was now about noon, and darkness came over the whole land until three in the afternoon, for the sun stopped shining. And the curtain of the temple was torn in two. Jesus called out with a loud voice, 'Father, into your hands I commit my spirit.' When he had said this, he breathed his last.").

16. Plaintiff Travis Hudson is a sincere believer of the Protestant Baptist faith. Before he was incarcerated, he regularly attended services at Lake Placid Baptist Church, participated in prayer walks, and practiced his faith.

17. As Mr. Hudson understands his faith, his sincerely held religious beliefs include the practices below, among others:

      a.      Looking for ways to find the Spirit of God in public holidays, even those not traditionally considered Baptist holidays;

      b.      Reflecting on Jesus's sacrifice of giving his life to forgive humanity's sins; and

      c.      Seeking closeness to God through natural events.

18. The eclipse holds special religious significance to Mr. Hudson because he believes it mirrors the solar eclipse described in the Bible as having happened on the day of Jesus Christ's crucifixion. Ex. C (Hudson Declaration) (citing various Bible passages). He sincerely believes that it is vital to his faith to observe the solar eclipse and reflect on what he believes Jesus saw moments before he died on the cross to forgive Mr. Hudson's sins.

19. Plaintiff David Haigh is a practicing Seventh Day Adventist. He has been attending services since about 1995, was a member of Campus Crusade for Christ at Penn State and Purdue Universities, and now regularly attends services on Saturday afternoons at Woodbourne. Ex. D (Haigh Declaration).

20. As Mr. Haigh understands his faith, his sincerely held religious beliefs include group observation of significant events that he believes are inspired by God. He sincerely believes that Jesus Christ is the redeemer for our sins.

21. The eclipse holds special religious significance to Mr. Haigh because he believes that the Bible describes a solar eclipse happening while Jesus was on the cross. He sincerely believes that it is key to his faith to observe the solar eclipse and reflect on what he believes is the same phenomenon experienced by Jesus Christ before he died.

***Religious Significance of the Solar Eclipse for Muslim Plaintiff***

22. The solar eclipse is also recognized as a significant religious event for Muslims. Ex. B (USA Today). This importance stems from one of the holiest books of Islam, the Hadith,[1] which describes what many believe to be an eclipse happening as Muhammad's son died. Vol. 2, Book 18, Hadith 150. That section of the Hadith sets forth a prayer that Muhammad said during those moments. *Id.* ("Then the Prophet (p.b.u.h) said, 'The sun and the moon do not eclipse because of someone's death. So whenever you see these eclipses pray and invoke (Allah) till the eclipse is over.'"). "[E]ver since, Muslims around the world recite the same prayer whenever they find themselves in the path of an eclipse." Ex. E (Washington Post).

23. Plaintiff Jean Marc Desmarat is a sincere follower of the Islamic faith and has been for many years. He sincerely believes that the solar eclipse has religious significance to Islam. *See* Ex. F (Desmarat Declaration).

24. As Mr. Desmarat understands his faith, his sincerely held religious beliefs include the practices below, among others:

 a. Performing a special prayer in view of the solar eclipse inscribed in the Quran, just as he believes the Prophet Muhammad prayed.

 b. Congregating with other people of faith to enjoy what he believes to be Allah's great creation.

25. Mr. Desmarat sincerely believes observing the solar eclipse and saying a special prayer is critical to practicing his religion. *Id.*

---

[1] The Hadith is a historical account of the acts and statements of the Prophet Muhammed. *See, e.g.*, *Nat'l Grp. for Communs. & Computs. Ltd. v. Lucent Techs. Int'l Inc.*, 331 F. Supp. 2d 290, 296 (D.N.J. 2004).

### *Religious Significance of the Solar Eclipse for Santerian Plaintiffs*

26. Plaintiff Bruce Moses is a lifelong follower of the Santeria religion. He sincerely believes that God is the sun and morning, and the being who wakes everyone every morning. He also believes humans should seek to understand God's creation of life. *See* Ex. G (Moses Declaration).

27. As Mr. Moses understands his faith, his sincerely held religious beliefs include the practice of witnessing the solar eclipse and making a spiritual offering. *Id.*

28. Plaintiff Oscar Nunez is a senior member of the Santeria religion. He sincerely believes that the solar eclipse is a significant event in his religion. *See* Ex. H (Nunez Declaration).

29. As Mr. Nunez understands his faith, his sincerely held religious beliefs include the practice of praying and chanting to the moon and the sun for blessings while they meet at the time of the solar eclipse. He sincerely believes that these prayers lead to vibrations of the Orishas (divine spirits) to bless those who pray and chant. *Id.*

### *Religious Significance of the Solar Eclipse for Atheist Plaintiff*

30. A total solar eclipse is also an event of great religious significance for Atheists, such as Plaintiff Jeremy Zielinski. For example, the National Convention of American Atheists gathered during the 2017 in the path of the eclipse in Charleston, South Carolina to practice their faith. Ex. A (NPR)

31. Mr. Zielinski is an active atheist. As Mr. Zielinski understands his faith, his sincerely held religious beliefs include the practice of gathering to celebrate science and reason. He sincerely believes that observing the solar eclipse in the presence of others who have sincerely held religious beliefs of its importance is critical to practicing his faith. *See* Ex. I (Zielinski Declaration).

32. Mr. Zielinski firmly believes that observing the solar eclipse with people of different faiths is crucial to practicing his own faith because it is a central aspect of atheism to celebrate common humanity and bring people together to encourage people to find common ground. *Id.*

### *Plaintiffs' Requests and State's Denials*

33. Mr. Zielinski was the first Plaintiff to request that the solar eclipse be recognized at Woodbourne as a religious event. He first made this request on January 28, 2024—more than two months before the eclipse.

34. He was informed on January 30, 2024 that he would need to submit an official request to Woodbourne to recognize his religion, atheism, as an official religion before his request could be granted.

35. Mr. Zielinski submitted the request for atheism to be recognized as an official religion on February 19, 2024.

36. On March 4, 2024, Mr. Zielinski was notified that a determination could take up to 120 days.

37. He responded on March 4, 2024 explaining that the nature of his request was time sensitive because the eclipse would be occurring on April 8, 2024. One hundred and twenty days would be long after the eclipse had come and gone.

38. On March 5, 2024, Mr. Zielinski received confirmation that his request had been granted to view the April 8, 2024 total solar eclipse event. He was also informed that the facility would buy and provide him with solar eclipse viewing glasses for use to watch the eclipse. This confirmation applied only to Mr. Zielinski.

39. On March 8, 2024, Mr. Zielinski renewed this request by responding with another request to watch the eclipse together with other inmates who hold sincere religious beliefs regarding the importance of the solar eclipse, including the other Plaintiffs.

40. On March 11, 2024, DOCCS Acting Commissioner Daniel Martuscello III issued a statewide memorandum to all DOCCS facilities, including Woodbourne ("Lockdown Memo"). This memorandum ordered that, because of the solar eclipse:

> On April 8, 2024, all facilities will operate on a holiday schedule. ***There will be no incarcerated movement in facilities from 2:00 p.m. to 5:00 p.m. and incarcerated individuals will remain in housing units except for emergency situations.*** For facilities in the path of totality, visitation will be canceled and publicized on the Department web page and social media, visitation at all other facilities will end at 2:00 p.m.

Ex. K (emphasis added).

41. At the same time the memorandum prohibited any incarcerated persons from leaving the housing units to watch the solar eclipse in the yard, the memorandum also (confusingly) acknowledged that "[t]he Department has placed an order to purchase and distribute solar eclipse safety glasses to facilities in the path of totality for the incarcerated population." *Id.*

42. Upon information and belief, in 2017, during the last solar eclipse viewable in New York, DOCCS did not issue a Lockdown Memo.

43. Upon information and belief, the hours of 2:00pm to 5:00pm are traditionally a normal time for outdoor recreation.

44. The day after the memorandum issued, on March 12, 2024, Mr. Zielinski filed an official incarcerated grievance complaint ("First Eclipse Grievance") alleging that the DOCCS Lockdown Memo violated his rights under the Religious Land Use And Institutionalized Persons Act ("RLUIPA") by prohibiting him from celebrating the solar eclipse with others, as is necessary for him to practice his sincerely held beliefs as an atheist.

45.     On March 12, 2024, Mr. Hudson was the next Plaintiff to request permission from the Woodbourne Deputy Superintendent to observe the solar eclipse with Mr. Zielinski.

46.     On March 14, 2024, Deputy Superintendent Glebocki denied his request because he is a Baptist and the solar eclipse is not a recorded holy day for Baptists in the facility's calendar.

47.     On March 14, 2024, Mr. Zielinski filed another grievance, this time in response to Mr. Hudson's denial ("Second Eclipse Grievance"). He again emphasized that refusing to allow other inmates to observe the solar eclipse based on sincerely held religious beliefs violated his rights to practice his faith as an atheist. Mr. Zielinski also implied that the denial violated Mr. Hudson's rights to practice his faith as a Baptist because DOCCS cannot unilaterally decide that any event not included in its own agency calendar as a "holy day" is not otherwise religiously significant and protected by RLUIPA.

48.     On March 14, 2024, Mr. Moses, Mr. Nunez, and Mr. Desmarat were the third, fourth, and fifth Plaintiffs to request permission from the Woodbourne Deputy Superintendent to observe the solar eclipse with Mr. Zielinski and Mr. Hudson.

49.     On March 14, 2024, Mr. Moses's request was denied in writing because he is "designated Santeria" and "NYSDOCCS Religious Holy Day Calendar 2024 does not note the viewing of the Solar Eclipse as one of the Santeria Religious Events." Ex. J.

50.     Mr. Nunez and Mr. Desmarat also allege that Deputy Superintendent Glebocki denied their requests for similar reasons, that the solar eclipse is not on the calendar as a holy day for Santeria or Islam.

51.     On March 15, 2024, Mr. Haigh became the last of the six named Plaintiffs to request authorization to view the solar eclipse on April 8, 2024. Mr. Haigh never received a formal response to his request.

10

52. On March 18, 2024, Mr. Zielinski received a letter from Superintendent Howard notifying Mr. Zielinski that he had received his March 14, 2024 letter in which Mr. Zielinski had said he was filing a grievance. Superintendent Howard informed Mr. Zielinski that he would "receive a response via the Grievance program."

53. Mr. Zielinski has yet to receive a response through the Grievance program for either his First or Second Eclipse Grievances.

54. In Plaintiffs' experience, it usually takes more than a year to receive a response through the Grievance program.

55. Thus, the April 8, 2024 solar eclipse will be long over by the time Mr. Zielinski receives a response through the Grievance program, and it would be futile for any of the other Plaintiffs to file additional grievances.

## EXHAUSTION OF REMEDIES

56. Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), the administrative remedies available to Plaintiffs have been exhausted because there is nothing left to do. While Mr. Zielinski has attempted to resolve these issues through the Grievance program, the DOCCS Lockdown Memo comes from the highest level of DOCCS and is effectively a blanket denial of any pending Grievances or future Grievances on the topic. It constitutes a final decision on the matter, and there are no more administrative options available to Plaintiffs that could reverse the Lockdown Memo.

## CLASS ALLEGATIONS

57. The preceding paragraphs are incorporated by reference, as if stated here in full.

58. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), as applicable, and (c)(4), Plaintiffs seek certification of a Class ("the Class") defined as follows:

Plaintiffs seek a proposed Class defined as all detainees at DOCCS facilities who, before April 8, 2024, formally request to view the April 8th solar eclipse based on sincerely held religious beliefs.

59. Plaintiffs reserve their rights to modify or redefine the Class, or, pursuant to Rule 23(c)(5), to propose subclasses, if necessary or alternatively, including but not limited to prisonwide subclasses and/or entity subclasses.

60. DOCCS contains a transitory population of detainees who transfer in and out of the facility as their criminal cases progress and are resolved. Thus, joinder of all members is impracticable.

61. Common questions of law and fact exist, including the DOCCS Lockdown Memo and DOCCS employees' denials of religious accommodations and the propriety of those denials.

62. Plaintiffs' claims are typical of those of the proposed Class.

63. Plaintiffs will fairly and adequately protect the interests of the Class.

64. DOCCS and DOCCS employees have acted or refused to act on grounds that apply generally to the Class, so that final injunctive and declaratory relief will be appropriate respecting the proposed Class as a whole.

### COUNT ONE – DENIAL OF THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT ("RLUIPA"), 42 U.S.C. §§ 2000CC-1 ET SEQ.

65. The preceding paragraphs are incorporated by reference, as if stated here in full.

66. The RLUIPA applies to DOCCS and its facilities.

67. DOCCS, through its agents, has imposed a substantial burden on Plaintiffs' and the Class's religious exercise.

68. DOCCS statewide ban on incarcerated persons viewing the eclipse from the yard in any DOCCS facility does not promote a compelling governmental interest through the least restrictive means.

69. This Court should thus enter an expedited declaratory judgment that Plaintiffs' and the Class's religious exercise has been illegally burdened and issue an order prohibiting further illegal violations of religious exercise.

## COUNT TWO – 42 U.S.C. § 1983

70. The preceding paragraphs are incorporated by reference, as if stated here in full.

71. While acting under color of law, Defendants violated and/or permitted the violation of Plaintiffs' and the Class's rights:

   a. Under the Free Exercise Clause, to practice religion; and

   b. Under the Equal Protection Clause, to receive equal treatment as it relates to practicing their religions and/or receiving accommodations to practice their religions.

72. Thus, this Court should enter an expedited declaratory judgment that Plaintiffs' constitutional rights have been violated and issue an order prohibiting future violations, as permitted under *Ex parte Young*, 209 U.S. 123 (1908).

## PRAYER FOR EMERGENCY RELIEF

73. Plaintiffs pray that this Court will award them and the Class the following expedited injunctive relief:

   A. Declare that Defendants' conduct violates Plaintiffs' and the Class's statutory and constitutional rights;

B. Order that DOCCS permit Plaintiffs to view the April 8, 2024, eclipse and provide eclipse glasses to those who request them; and

C. Such further relief as justice may require.

Dated this 29th day of March, 2024.

Respectfully submitted,

/s/ Madeline E. Byrd

Christopher L. McArdle, Esq.
Sharon Steinerman, Esq.
Madeline E. Byrd, Esq.
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
(212) 210-9542
chris.mcardle@alston.com
sharon.steinerman@alston.com
maddy.byrd@alston.com
*Attorneys for Plaintiffs and Others Similarly Situated*